IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LATIDTUS JONES                                                              PETITIONER

V.                                                               NO. 4:14CV83-DMB-JMV

STATE OF MISSISSIPPI, ET AL.                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Latidtus Jones for a writ of habeas corpus under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Jones has responded to the State's motion, and the State has replied. The matter is ripe for resolution. For the reasons below, the Court grants the State's motion and dismisses the instant petition for a writ of habeas corpus as untimely filed.

**I
Procedural History**

On September 28, 2010, Jones was convicted of robbery in the Circuit of Washington County, Mississippi, and subsequently sentenced to a term of fifteen years. On July 24, 2012, the Mississippi Court of Appeals affirmed Jones' conviction and sentence. *Jones v. State*, 104 So. 3d 851 (Miss. Ct. App. 2012), *reh'g. denied*, November 27, 2012 (Cause No. 2010-KA-01845-COA). On December 7, 2012, the Mississippi Supreme Court granted Jones an extension until January 4, 2013, to file a petition for writ of certiorari. Because Jones failed to file a petition by that deadline, the Mississippi Court of Appeals' mandate issued on January 17, 2013. Jones ultimately filed a petition for writ of certiorari on February 7, 2013. On February 28, 2013, the Mississippi Supreme Court entered an order finding that Jones' petition was untimely.

On February 12, 2014, Jones filed an application seeking permission from the Mississippi

Supreme Court to pursue post-conviction collateral relief in the circuit court, which was docketed in Cause No. 2014-M-203. On April 30, 2014, the Mississippi Supreme Court denied Jones' application. He then filed a motion for rehearing, which was denied. Jones has also filed numerous papers in state court seeking various relief related to his incarceration.[1]

On June 6, 2014, Jones filed the instant petition for a writ of habeas corpus. Doc. #1.

## II
## One-Year Limitations Period

The State has moved to dismiss Jones' federal habeas petition as untimely filed under 28 U.S.C. § 2244(d). That section provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Jones has twice petitioned the Mississippi Supreme Court for a writ of mandamus to require the Washington County Circuit Court to provide transcripts of pre-trial hearings, docketed in Cause No. 2014-M-1023. Petitions for writs of mandamus do not, however, qualify for statutory tolling under 28 U.S.C. § 2244(d). See *Moore v. Cain,* 298 F. 3d 361, 366-367 (5th Cir. 2002). Jones has also filed an application for permission to seek post-conviction collateral review, docketed in Cause No. 2014-M-864. However, that pleading challenges a conviction for uttering a forgery in Tunica County Circuit Court and is not related to the conviction and sentence challenged in the instant habeas corpus petition.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The State argues that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final. The State contends that although a properly filed, pending state court motion for post-conviction relief may toll the one-year limitation period, here Jones failed to properly file such a motion by the January 4, 2013, deadline. The State argues that, as such, and because no other exceptions under § 2244(d)(1) apply, Jones' petition for a writ of habeas corpus was due in this court on or before January 6, 2014[2]—a deadline he failed to meet.

Section 2244(d)(1) provides that the one-year limitation period shall run from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Failure to appeal to the state court of last resort results in the conviction becoming final when the time for seeking further direct review in state court expires. *Roberts v. Cockrell*, 319 F. 3d 690, 694-95 (5th Cir. 2003). Jones contends that because he did not receive notice of the January 4, 2013, extension, his conviction and sentence were not final until March 14, 2014, when the Mississippi Supreme Court denied his petition for writ of certiorari as untimely filed. However, the Fifth Circuit has clearly held that "a state [habeas] application ceases to be pending when the time for appellate

---

[2] Monday, January 6, 2014, is the first available business day following Saturday, January 4, 2014.

3

review expires." *Grillette v. Warden*, 372 F. 3d 765, 771 (5th Cir. 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Thus, Jones' conviction became final on January 4, 2013, the date on which his petition for writ of certiorari was due in the Mississippi Supreme Court.

Under AEDPA's one-year statute of limitations, Jones' federal habeas petition was due in this Court on or before January 6, 2014. In order to toll the limitations period, a habeas corpus petitioner must properly file a state application for post-conviction collateral relief on or before the one-year period expires. 28 U.S.C. § 2244(d)(2). Here, Jones' application for state post-conviction collateral relief was filed on February 12, 2014—thirty-seven days *after* the expiration of the one-year limitation. As such, Jones failed to file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2). Therefore, Jones is not entitled to statutory tolling for the pendency of this action, and January 6, 2014, remains the federal habeas corpus filing deadline.

Under the "prison mailbox rule," a federal petition for a writ of habeas corpus is deemed filed on the date the petitioner delivers it to prison officials for mailing to the district court. *See Richard v. Thaler,* 710 F. 3d 573, 576 (5th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988)); *see also Spotville v. Cain*, 149 F. 3d 374, 378 (5th Cir. 1998) (extending *Houston* to § 2254 applications). In the instant case, Jones' federal habeas petition was stamped by the prison's mail office on June 4, 2014, and the petition was stamped as "filed" in the district court on June 6, 2014. With no record evidence to the contrary, the Court will presume that Jones delivered the petition to prison officials for mailing on the date it was first stamped, June 4, 2014. Thus, Jones filed his federal habeas petition 149 days beyond the expiration of the January

6, 2014 statute of limitations.[3]

## III
## Equitable Tolling

Jones also contends that the discovery of new evidence entitles him to equitable tolling of the one-year limitation. Jones alleges that the evidence, a police report regarding State witness Loretta Jones, could have been used to impeach Loretta at trial. The State argues that the evidence was available through reasonable diligence prior to trial, and that Jones does not cite any rare and exceptional circumstance to warrant equitable tolling.

The Supreme Court has recognized that § 2244(d)'s statute of limitations is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 632-33 (2010). To establish his entitlement to equitable tolling, a petitioner must show that: (1) he pursued habeas relief with reasonable diligence; and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Palacios v. Stephens*, 723 F. 3d 600, 604 (5th Cir. 2013) (citing *Holland*, 560 U.S. at 649). Thus, Jones has the burden to prove both diligence and extraordinary circumstances. *Tsolainos v. Cain*, 540 F. App'x 394, 398 (5th Cir. 2013).

**A. Reasonable Diligence**

Whether a petitioner pursued habeas relief with reasonable diligence is "an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Palacios*, 723 F. 3d at 605 (citation omitted). Here, Jones does not directly address whether he pursued his habeas relief with reasonable diligence, but rather appears to claim that he is entitled to a new trial based upon the following record

---

[3] Even assuming that Jones' conviction became final on March 14, 2013, as he contends, he would nevertheless fail to comply with the one-year limitation under AEDPA. Under this scenario, Jones would be entitled to a statutory tolling of 77 days for the pendency of his state court post-conviction motion, resulting in a federal habeas petition deadline of May 30, 2014—a deadline his June 4, 2014, filing missed.

5

facts and allegations: (1) Loretta, the owner of the getaway vehicle Jones used during the robbery, provided law enforcement officials with Jones' name; (2) in April 2014, Jones discovered a Greenville Police Department Internal Affairs Complaint and Report dated December 2, 2007, regarding Loretta; and (3) Jones could have used the report to impeach Loretta at trial.

The Court finds that Jones has failed to prove he pursued his federal habeas petition with reasonable diligence. Even assuming the evidence could have been used to impeach Loretta, the report was written some two years before Jones committed the robbery. See *Jones v. State*, 104 So. 3d 851, 852 (Miss. Ct. App. 2012). Jones has not suggested, and the Court cannot fathom, that the report was not available through reasonable diligence prior to trial. Further, Jones fails to demonstrate how this evidence relates to the pursuit of his federal habeas petition, specifically, how this evidence reconciles his failure to timely file in light of his duty of reasonable diligence.

Finally, Jones claims only that the evidence could have been used to impeach Loretta at trial, not that it establishes his actual innocence. Although a habeas petitioner asserting actual-innocence evidence need not prove reasonable diligence, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013), this exception to the diligence requirement applies only "when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Id*. at 1936 (citation omitted). The Fifth Circuit in *United States v. Jones* declined to extend the reasoning of *McQuiggin* to a petitioner asserting actual innocence of his sentence because "a sentencing error does not at all implicate guilt." *Jones*, 758 F.3d 579, 584 (5th Cir. 2014). It is a long-established rule that evidence that merely discredits or impeaches witness testimony—but which is unlikely to produce an acquittal—does not merit a new trial. *United States v. Piazza*, 647 F. 3d 559, 565 (5th Cir. 2011) (citing *Berry v. Georgia*, 10 Ga. 511 (1851)). Here, Jones does not allege that the evidence rises to the

level of creating a reasonable doubt of his guilt;[4] he simply urges the Court to grant him a new trial so that he may use the evidence to impeach Loretta. Thus, Jones has presented no new evidence that implicates his guilt such that he should be excused under *McQuiggin* from proving reasonable diligence.

Accordingly, the Court concludes that Jones' failure to carry his burden of proof regarding reasonable diligence precludes the application of equitable tolling in this case,[5] and January 6, 2014, remains the federal habeas corpus filing deadline.

## III
## Conclusion

For the reasons above, the instant petition is dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue.

**SO ORDERED**, this 13th day of February, 2015.

/s/ Debra M. Brown_____
**UNITED STATES DISTRICT JUDGE**

---

[4] Indeed, the overwhelming record evidence suggests that the State would have met its burden of proof even absent Loretta's testimony. As the state appellate court noted, Sergeant Wilson testified that after obtaining Jones' name from Loretta, he compared a Bolivar County Sheriff's Department photograph of Jones to the surveillance video from Kroger and determined that Jones was the man in the video. *Jones,* 104 So. 3d at 853. Further, at trial, the victim of the robbery identified Jones as the man who had robbed her. *Id*. at 853.

[5] Jones has not stated, and the Court need not examine, whether any extraordinary circumstances barred him from timely filing his federal habeas petition.